### BONYNGE v. HELVERING, Com'r of Internal Revenue.

### No. 74.

Circuit Court of Appeals, Second Circuit.

Jan. 27, 1941.

LeRoy B. Iserman, of New York City, for petitioner.

Ellis N. Slack, Sp. Asst. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Louise Foster, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

### PER CURIAM.

This case turns upon the question when a taxpayer must claim the deduction of a worthless debt from his gross income under § 23(k) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 673. The taxpayer held a note of his son which became altogether uncollectible during the year 1934, though it was not due until the next year. Supposing that he could not deduct the loss before the note fell due, the taxpayer did not deduct it in 1934. The Commissioner disallowed the deduction when he took it in 1935, and this decision the Board has affirmed.

■■ De facto it is obvious that a debt may become worthless in one year and fall due in the next, just as it may fall due in one year and become worthless in the next; and we see no reason to give the word any but its colloquial meaning in § 23(k). It is of course true, as Mr. Sternhagen pointed out in the Board's opinion, that the time of its maturity may be a factor in deciding whether an obligation has become worthless. One can say with greater assurance that an apparently irretrievable financial collapse today makes worthless a note due next year, than it does a bond payable in ten years. But that makes no difference in principle, nor is it relevant

here where the note had only a year more to run. The taxpayer's argument leads into an anomaly, because, if a note payable in the future cannot become worthless, it must follow that it cannot have the attribute of value at all. The value of property, as has been so often said, is the opinion of people as to what it will fetch in exchange; and in the case of a future promise that opinion is necessarily based upon the likelihood that the promise will be performed. Once it comes to be believed that the promisor will never perform, however distant the performance may be, the promise has become worthless.

Order affirmed.